IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SHIWEN CHEN,<br><br>          Plaintiff,<br><br>v.<br><br>SCHEDULE A DEFENDANTS,<br><br>          Defendants. | Civil Case No.: 2:25-cv-02009-WSS<br><br>FILED UNDER SEAL |

**DECLARATION OF SHIWEN CHEN**

I, Shiwen Chen, hereby declare, and state as follows:

1. I am over the age of eighteen and have personal knowledge of the facts set forth in this Declaration. I am competent to testify as to all matters stated, and I am not under any legal disability that would in any way preclude me from testifying. The following information regarding sales information is accurate to the best of my knowledge.

2. I am the inventor and owner of U.S. patent registration number US D1,067,996 (hereinafter the "'996 Patent") and '996 Patent-derived

products, which makes and sells a range of knitted toy products under the '996 Patent. Attached to the Complaint as **Exhibit A** is a true and correct copy of '996 Patent registration. As one of the investors and owners, I have personal knowledge regarding the '996 Patent intellectual property and sales. I make this declaration from my personal knowledge unless otherwise stated.

3. We put large efforts in developing the invention described in the '996 Patent in 2024 to overcome the deficiencies of those conventional knitted toys. We have invested significant time, money, and manpower into the promotion of the '996 Patent-protected products, including advertising, promotions, and online publications. We estimate that the cost of developing and promoting the invention was around $2,200,000 in 2024.

4. We started to launch the products and received great commercial success in United States.

5. Our Amazon Marketplace is the primary sales point.

6. Defendants, through Amazon.com, Walmart and other online marketplace Seller Accounts, offer infringing '996 Patent-based products using the registered '996 Patent. These products are advertised as and are similar in appearance to original '996 Patent products.

7. Defendants have targeted sales to Pennsylvania residents by setting up and operating e-commerce stores that target United States consumers using one or more Seller Aliases, offer shipping to the United States, including Pennsylvania, accept payment in U.S. dollars and, on information and belief, have sold Infringing Products to residents of Pennsylvania.

8. Defendants concurrently employ and benefit from substantially similar advertising and marketing strategies. For example, Defendants facilitate sales by designing the ecommerce stores operating under the Seller Aliases so that they appear to unknowing consumers to be authorized online retailers, outlet stores, or wholesalers. E-commerce stores operating under the Seller Aliases appear sophisticated and accept payment in U.S. dollars via credit cards, Alipay, Amazon Pay, and/or PayPal. E-commerce stores operating under the Seller Aliases often include content and images that make it very difficult for consumers to distinguish such stores from an authorized retailer. I did not license the '996 Patent to any parties for their use. As such, I have not licensed the Patent-in-Suit to Defendants.

9. Monetary damages cannot adequately compensate me for ongoing infringement because monetary damages fail to address the damage to

my control over its rights in its Brand, its reputation, associated goodwill, and ability to exploit the protected invention. Furthermore, monetary damages are difficult, if not impossible, to ascertain due to the inability to calculate measurable damage in dollars and cents caused to my control over its rights in the protected invention, its reputation, associated goodwill, market share, and ability to exploit the protected invention by acts of infringement.

10. I am further irreparably harmed by the unauthorized making, using, offering for sale, selling, or importing of goods that infringe the protected invention because infringers take away our ability to control the nature and quality of the Infringing Products. Loss of quality control over goods made, used, offered for sale, sold, or imported featuring the protected invention and, in turn, loss of control over my product's reputation is neither calculable nor precisely compensable.

11. I will suffer immediate and irreparable injury, loss, or damage if an *ex parte* Temporary Restraining Order is not issued in accordance with Federal Rule of Civil Procedure 65(b)(1).

12. Attached to the Complaint as **Exhibit C** are true and correct copies of images captured from Defendants' Amazon.com online marketplace Seller Accounts listings showing the infringing products. I have

reviewed the products listings and am of the opinion that each of Defendants' Infringing Products infringe the Patent-in-Suit.

I declare under penalty of perjury of the laws of the United States of America that the foregoing is true and correct.

Date: December 24, 2025                                  Respectfully submitted,

*Shiwen Chen*
_____
Shiwen Chen