**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| SHIWEN CHEN,<br><br>        Plaintiff,<br><br>    v.<br><br>SCHEDULE A DEFENDANTS,<br><br><br>        Defendants. | Civil Case No.: 2:25-cv-02009-WSS |

**PLAINTIFF'S MOTION TO CONTINUE PRELIMINARY INJUNCTION HEARING**
**AND TO EXTEND THE TEMPORARY RESTRAINING ORDER**

This is a design patent infringement case in which the patent owner sues counterfeit sellers on Amazon.com.

Noting that the accused products have identical designs to Plaintiff's patented design, on December 30, 2025, this Court granted a TRO against Defendants and set a hearing on why a preliminary injunction should not issue on January 13, 2026. (Dkt. 15.) The TRO, as currently set, will also expire on January 13, 2026. (Dkt. 14.)

Rule 65(b)(2) allows extending a temporary restraining order entered without notice on good cause.  Here, good cause exists for a brief extension of the TRO and the preliminary injunction hearing to *January 27, 2026* or any other day convenient to the

Court.

First, Plaintiff has diligently pursued this case, having served the process on all defendants (Dkt. 23), and paid the requested bond by mail[1], even though Amazon did not provide Defendants' contact information until January 5, 2026.

Second, Plaintiff and seven of the ten defendants expect to settle in a week or so. Plaintiff have already reached a settlement with two of the defendants. The single non-responsive defendant appears to have abandoned its Amazon store altogether.

Third, most of the settling defendants conceded infringement and state that they would agree to a consent judgement or the like barring them from future sales of the infringing product.

Fourth, no meaningful prejudice to Defendants exists. Nine of the ten defendants are settling, and most have conceded infringement. The asset frozen is modest, eight of the ten defendants have less than $4,500 frozen.

Fifth, the original danger of moving assets outside the jurisdiction of this Court still exists. Good cause under Rule 65(b)(2) is shown where "the grounds for originally granting the temporary restraining order continue to exist." 11A Wright & Miller, Fed. Pract. & Proc. § 2953 (3d ed.).  Here, absent some restraint, Defendants may still choose to shut down their current ecommerce stores, withdraw the funds generated from their

---

[1] Though the clerk's office may be still processing Plaintiff's bond paperwork.

infringing activities, and transfer those funds to foreign accounts, making recovery

virtually impossible.

In sum, Plaintiff respectfully requests the Court to extend the TRO and continue

the preliminary injunction hearing by two weeks to *January 27, 2026,* or any other day

convenient to the Court. The undersigned counsel continues to appreciate the

opportunity to discuss this case with the Court in person as long as the Court's schedule

allows.

A Proposed Order is concurrently filed.

Date: January 8, 2026                              Respectfully submitted,


/s/ Zheng "Andy" Liu
Zheng "Andy" Liu (CBN 279327)
*Aptum Law*
1660 S Amphlett Blvd Suite 315
San Mateo, CA 94402
Email: Andy.Liu@AptumLaw.us
Phone: 650-475-6289

*ATTORNEY FOR PLAINTIFF*